**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: November 8, 2021
Date Decided: January 14, 2022

Peter B. Andrews, Esquire
Craig J. Springer, Esquire
David M. Sborz, Esquire
Andrews & Springer LLC
4001 Kennett Pike, Suite 250
Wilmington, DE 19807

Gregory V. Varallo, Esquire
Bernstein Litowitz Berger
 & Grossmann LLP
500 Delaware Avenue, Suite 901
Wilmington, DE 19801

David E. Ross, Esquire
Garrett B. Moritz, Esquire
Benjamin Z. Grossberg, Esquire
Ross Aronstam & Moritz LLP
100 South West Street, Suite 400
Wilmington, DE 19801

Kevin R. Shannon, Esquire
Berton W. Ashman, Jr., Esquire
Nicholas D. Mozal, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor
Wilmington, DE 19801

Julia B. Klein, Esquire
Klein LLC
225 West 14th Street, Suite 100
Wilmington, DE 19801

Re: *Richard J. Tornetta v. Elon Musk, et al.*
C.A. No. 2018-0408-JRS

Dear Counsel:

This Letter Opinion addresses non-party Aaron Greenspan's challenge to the

confidential treatment of certain filings in this case. Greenspan has filed two

separate challenges, but because the objections raised in his second challenge are

now moot, this Letter Opinion addresses only the initial challenge

(the "Challenge").[1] Plaintiff does not oppose the Challenge,[2] but Defendants seek

to maintain the current state of confidentiality. For his part, Greenspan "urge[s] the

Court to recognize its public interest role" by removing the challenged redactions

and permitting public examination of the sealed filings.[3]

---

[1] The first notice of a challenge to confidential treatment was filed on August 3, 2021 (D.I. 147) and the second notice was filed on October 13, 2021 (the "Second Challenge") (D.I. 167). I need only address Greenspan's initial Challenge because the objections raised in his Second Challenge have since been addressed by the parties. In the Second Challenge, Greenspan objected to the sealed filing or confidential designation of (1) exhibits filed with Defendants' Motion for Summary Judgment (D.I. 162), (2) exhibits filed with Plaintiff's Motion for Summary Judgment (D.I. 163), and (3) exhibits filed with Plaintiff's Motion for Leave to File Amended Derivative Complaint (D.I. 161). On November 10, 2021, the filing party filed public versions of each of the challenged exhibits. (D.I. 179; D.I. 180; D.I. 181; D.I. 182). The public versions contained redactions, but no challenges have been made to these redactions. Greenspan also objected to all redactions of content in the public version of Plaintiff's Motion for Leave to File Amended Derivative Complaint ("Plaintiff's Motion to Amend") (D.I. 165) and Plaintiff's Opening Brief in Support of Motion for Summary Judgment ("Plaintiff's OB") (D.I. 166). On January 3, 2022, public inspection versions of Plaintiff's Motion to Amend and Plaintiff's OB were filed. Neither filing contained any redactions. Consequently, all redactions in the public versions of both filings are already part of the public record.

[2] Plaintiff filed a Notice of Non-Opposition to the initial Challenge on August 4, 2021. (D.I. 148).

[3] Challenge at 3.

Defendants maintain they have established good cause to keep the limited information they have redacted confidential and argue that ordering the unsealing of the 21 challenged deposition transcripts that were "inexplicably lodged by Plaintiff untethered to any filing or request for relief would be inconsistent with Rule 5.1 and the right of public access to judicial records as they have been interpreted by this Court and in other jurisdictions."[4] Greenspan, however, argues that there is a presumption that the public has a right of access to all judicial records, and Defendants have failed to carry their burden of showing that their right to confidentiality outweighs the presumption of public access.[5] "The Court has addressed the tension created by these public and private interests, and the procedure for resolving it, in Court of Chancery Rule 5.1."[6]

---

[4] Defs.' Reply in Further Supp. of Their Mot. for Continued Confidential Treatment ("Defs.' Reply") (D.I. 177) ¶ 1.

[5] Aaron Greenspan's Resp. to Defs.' Mot. for Continued Confidential Treatment ("Greenspan's Response") (D.I. 160) ¶¶ 8–9.

[6] *Al Jazeera Am., LLC v. AT&T Servs., Inc.*, 2013 WL 5614284, at *1 (Del. Ch. Oct. 14, 2013); *see also* Ct. Ch. R. 5.1(a) ("Except as otherwise provided in this Rule, proceedings in a civil action are a matter of public record."); Ct. Ch. R. 5.1(b)(2) ("For purposes of this Rule, 'good cause' for Confidential Treatment shall exist only if the public interest in

After careful consideration, I am satisfied Defendants have carried their burden to demonstrate good cause for retaining confidential treatment regarding the filings addressed in the Challenge and their Motion for Continued Confidential Treatment (the "Motion").[7] My reasoning follows.

## I. BACKGROUND

The underlying case arises out of the decision by the board of directors of Tesla, Inc. (the "Board") to approve a new compensation plan for Tesla's CEO and then-Chairman, Elon Musk (the "Award"). The plan containing the Award was approved by the Board in January 2018 and subsequently was submitted to Tesla's stockholders for approval.[8] The stockholders who voted at the specially called meeting overwhelmingly approved the Award, and Tesla implemented the plan thereafter.[9] Plaintiff has challenged the Award, alleging, among other things, that

---

access to Court proceedings is outweighed by the harm that public disclosure of sensitive, non-public information would cause.").

[7] D.I. 153.

[8] Verified S'holder Class Action and Deriv. Compl. ("Compl.") (D.I. 1) ¶¶ 34, 36.

[9] Compl. ¶ 55 Ex. 19 (Tesla Current Report (8K) Mar. 21, 2018).

it is patently unfair to Tesla's stockholders and is the product of breaches of fiduciary duty.[10]

In his Challenge, Greenspan argues that the "proceedings in this case are of utmost importance to numerous other proceedings involving [Tesla], its subsidiaries, and its controversial CEO, Elon Musk."[11] In this regard, Defendants point out that Greenspan is, in fact, "also currently the sole plaintiff in an action pending in the Northern District of California against, among others, Elon Musk and Tesla."[12] Greenspan counters that his status as plaintiff elsewhere "is irrelevant to the Court's analysis as to whether continued confidential treatment of the challenged material is warranted."[13]

The Challenge focuses on the following sealed or redacted public filings, which are collectively referred to as the "Challenged Filings":

---

[10] Compl. ¶¶ 106–17.

[11] Challenge at 2.

[12] Motion ¶ 11.

[13] Greenspan's Response ¶ 3.

1. The deposition transcripts lodged at D.I. 135 and 140 (the "Challenged Deposition Transcripts");

2. Plaintiff's Motion to Compel the Production of Documents (the "Motion to Compel") (D.I. 104);

3. Plaintiff's Reply in Support of His Motion to Compel the Production of Documents and Exhibits A through N thereto ("Plaintiff's MTC Reply") (D.I. 120 & 121); and

4. All redactions of content in the public version of Plaintiff's Verified Stockholder Class Action and Derivative Complaint for Breach of Fiduciary Duties (the "Complaint") (D.I. 2).

In their Motion, Defendants seek continued confidential treatment of all filings that Greenspan objected to in the Challenge, except for the Complaint.[14] Simultaneously with the filing of the Motion, Defendants provided Plaintiff with redacted versions of the exhibits to Plaintiff's MTC Reply, except for Exhibit G, the deposition of Kimbal Musk, most of which remains sealed.[15]

Greenspan filed a response to Defendants' Motion for Continued Confidential Treatment on September 14, 2021 ("Greenspan's Response"). Defendants filed their Reply in Further Support of Their Motion for Continued

---

[14] Defendants did not oppose the lifting of redactions in the Complaint. Motion ¶ 15.

[15] Motion ¶ 15. In accordance with Court of Chancery Rule 5.1(d)(2), Plaintiff was not required to file public versions of the confidential exhibits to Plaintiff's MTC Reply.

Confidential Treatment on November 8, 2021, and the matter was deemed submitted on that date.[16]

## II.  ANALYSIS

"Court of Chancery Rule 5.1 exists to 'protect the public's right of access to information about judicial proceedings' and 'makes clear that most information *presented to the Court* should be made available to the public.'"[17]  The right of access enables the public to "judge the product of the courts in a given case[,]"[18] which in turn, "helps ensure quality, honesty and respect for our legal system."[19] With these goals in mind, the default presumption under Rule 5.1 is that "proceedings in a civil action are a matter of public record."[20]

---

[16] Defs.' Reply ¶ 1.

[17] *Sequoia Presidential Yacht Gp. LLC. v. FE P'rs LLC*, 2013 WL 3724946, at *2 (Del. Ch. July 15, 2013) (emphasis in original) (citation omitted).

[18] *In re Oxbow Carbon LLC Unitholder Litig.*, 2016 WL 7323443, at *2 (Del. Ch. Dec. 15, 2016) (ORDER) (quoting *Va. Dept. of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)).

[19] *Horres v. Chick-fil-A, Inc.*, 2013 WL 1223605, at *1 (Del. Ch. Mar. 27, 2013) (internal quotation marks omitted) (quoting *Matter of Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984)).

[20] Ct. Ch. R. 5.1(a).

Rule 5.1(b)(3) provides that the party seeking to "maintain Confidential Treatment always bears the burden of establishing good cause for Confidential Treatment."[21] Rule 5.1(b)(2) defines "good cause" as follows:

> For purposes of this Rule, "good cause" for Confidential Treatment shall exist only if the public interest in access to Court proceedings is outweighed by the harm that public disclosure of sensitive, non-public information would cause. Examples of categories of information that *may* qualify as Confidential Information include trade secrets; sensitive proprietary information; sensitive financial, business, or personnel information; sensitive personal information such as medical records; and personally identifying information such as social security numbers, financial account numbers, and the names of minor children.[22]

"In determining whether good cause has been established, the Court must 'balanc[e] . . . the public interest against the harm that public disclosure might entail with respect to sensitive nonpublic information.'"[23] "The public interest is especially strong where the information is material to understanding the nature of

---

[21] Ct. Ch. R. 5.1(b)(3).

[22] Ct. Ch. R. 5.1(b)(2) (emphasis added).

[23] *In re Boeing Co. Deriv. Litig.*, 2021 WL 392851, at *2 (Del. Ch. Feb. 1, 2021) (quoting *Reid v. Siniscalchi*, 2014 WL 6486589, at *1 (Del. Ch. Nov. 20, 2014)).

the dispute. In those instances, denial of public access to material requires a strong justification."[24]

With these standards as the backdrop, I address the two issues implicated by Defendants' Motion and Greenspan's Challenge in turn: first, whether the Challenged Deposition Transcripts have been "presented to the Court"; and second, whether Defendants have established good cause to maintain the confidential treatment of the remaining Challenged Filings.

## A. The Challenged Deposition Transcripts

Defendants argue that because the Challenged Deposition Transcripts "were not filed in accordance with Rule 5(d)(6) and have not been cited in connection with any request for relief by any Party, they do not implicate the policy considerations that underlie Rule 5.1."[25] For support, Defendants cite to a Second Circuit opinion where the court held, "the mere filing of a paper or document with

---

[24] *In re Oxbow Carbon*, 2016 WL 7323443, at *2 (internal quotations omitted).

[25] Motion ¶ 29. Ct. Ch. R. 5(d)(6) states: "When discovery materials are to be filed with the Court other than during trial, the filing party shall file the material together with a notice (a) stating in no more than one page, the reason for filing and (b) setting forth an itemized list of the material."

the court is insufficient to render that paper a judicial document subject to the right of public access . . . . [T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document."[26]

Greenspan counters by citing *Partner Investments, L.P. v. Theranos, Inc.*, where this court recognized that discovery materials may be lodged with the court for purposes "other than [] trial."[27] According to Greenspan, *Theranos* reflects the view that any filing on the docket, even if only for discovery purposes, is a filing "presented to the Court" and subject to Rule 5.1. Alternatively, Greenspan argues,"[t]o the extent that Chancery Rule 5(d)(6) calls for a stated purpose when lodging documents, the Court should remedy any purported oversight on the part of Plaintiff—only noted now by Defendants, months later—by calling for an amended

---

[26] Motion ¶ 26 (citing *U.S. v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).

[27] Greenspan's Response ¶ 11; *P'r Invs., L.P. v. Theranos, Inc.*, at *2 (Del. Ch. Apr. 23, 2018).

notice of filing that fully complies with the Rule, and not by denying Mr. Greenspan's request."[28]

For his part, Plaintiff has proffered no explanation for the random lodging of deposition transcripts on the docket or for his failure to file the Challenged Deposition Transcripts per the Court's rules, nor has he given any indication that he would file the statement mandated by Rule 5(d)(6) if given the opportunity to do so. Thus, the lodging of the depositions stands as a random, unauthorized court filing.

After carefully considering the competing arguments, I am satisfied that the Challenged Depositions should be stricken from the docket. They were not filed according to the mandate of Rule 5(d)(6) and serve no purpose in the prosecution or defense of the claims before the Court. If they were to remain on the docket, then Defendants would be put to the burden and expense of reviewing the voluminous transcripts for confidential information in order to comply with

---

[28] Greenspan's Response ¶ 12.

Rule 5.1, again, for no purpose.[29]  Rule 1 provides that our rules "shall be construed and administered to secure the just, speedy and inexpensive determination of every proceeding."[30]  Requiring Defendants to engage in wasteful effort to allow for public access to a court filing that was not authorized and provides no insight into the issues being litigated before the Court would frustrate the purposes of both Rule 1 and Rule 5.1.[31]  To avoid that result, the unauthorized filings will be stricken.

### B. The Remaining Challenged Filings

As noted, "Rule 5.1(a) implements the powerful presumption of public access by providing that '[e]xcept as otherwise provided in this Rule, proceedings in a civil action are a matter of public record.'"[32]  "Thus, the party seeking to 'obtain or maintain Confidential Treatment always bears the burden of establishing good cause for Confidential Treatment' and must demonstrate that 'the particularized

---

[29] *See* Motion ¶¶ 12, 31 (explaining that the Challenged Deposition Transcripts, when taken together, total over 6,000 pages).

[30] Ct. Ch. R. 1.

[31] *In re Oxbow Carbon*, 2016 WL 7323443, at *2; *Al Jazeera Am.*, 2013 WL 5614284, at *7.

[32] *Horres*, 2013 WL 1223605, at *2 (quoting Ct. Ch. R. 5.1(a)).

harm from public disclosure of the Confidential Information in the Confidential Filing clearly outweighs the public interest in access to Court records.'"[33]  I address whether Defendants have carried their good cause burden with respect to the remaining Challenged Filings in turn.

### 1.  The Motion to Compel

As to the Motion to Compel, Defendants seek to maintain only the redactions to footnote 8 on page 5.[34]  Defendants accurately describe the redacted text as "quotes from documents designated 'Confidential' by Tesla that purport to discuss Elon Musk's personnel decisions—one via private email from a Tesla employee to a subordinate (which appears to have been sent in jest), and the other as part of an anonymous employee survey."[35]  According to Defendants, the "disclosure of one quotation ha[s] the potential to undermine Tesla's ability to solicit candid feedback from its employees and disclosure of the other could create unwarranted job security

---

[33] *Sequoia Presidential*, 2013 WL 3724946, at *2 (quoting Ct. Ch. R. 5.1(b)(3) and 5.1(g)).

[34] Motion ¶ 19.

[35] *Id.*

concerns among Tesla employees that are not supported by any factual basis."[36] Defendants also maintain that the redacted information is "unimportant for the public to understand the Court's adjudication of the Motion to Compel" because Plaintiff cites to the redacted information "as purported support for a background allegation unrelated to his main argument."[37]

Having reviewed the unredacted material, I agree with Defendants that the redacted information is not related to the merits of the discovery dispute that was before the Court and that disclosing the information would not help the public understand this case or the Court's adjudication of it.[38] Because the redacted information is of low interest to the public, and Defendants have articulated particularized harms that could result from disclosing the redacted information, the information will remain redacted. Plaintiff shall file a revised public version of its Motion to Compel, maintaining the redactions in footnote 8 on page 5 and lifting all other redactions.

---

[36] Defs.' Reply ¶ 24.

[37] Motion ¶ 21.

[38] *Id.*

### 2. Plaintiff's MTC Reply

Plaintiff's MTC Reply contains one redacted sentence related to testimony given by one of Tesla's directors regarding a potential executive hire that he thought Tesla was considering at the time of his deposition, i.e., years after the events that are the subject of this lawsuit. According to Defendants, the director was mistaken and Tesla never considered hiring the executive in question.[39] In Defendants' view, public disclosure of this information would be harmful in two ways. First, it could "disrupt the individual in question's relationship with his current employer by creating the (incorrect) impression that he was seeking employment elsewhere."[40] And, second, "it has the potential to sow needless confusion among Tesla stockholders regarding an important executive role at the company."[41]

When weighing the competing interests of the public and the objecting party, it is appropriate to consider whether the redacted information is of "low public interest, at least insofar as that interest relates to monitoring of the judicial

---

[39] Motion. ¶ 22.

[40] Motion. ¶ 23.

[41] *Id.*

function."[42]  Here, a factually incorrect sentence has been redacted.  The director's incorrect understanding of a potential executive hire had no bearing on the judicial proceedings related to the Motion to Compel and is likewise of low public interest. Because the redacted information is of low interest to the public, and Defendants have articulated particularized harms that could result from disclosing the redacted information, Defendants' Motion is granted as to Plaintiff's MTC Reply. Greenspan's application to unseal this information is denied.

### 3.  Exhibit G to Plaintiff's MTC Reply and Attached Exhibits

As noted above, Defendants have provided Plaintiff with redacted versions of the exhibits to the Reply, except for Exhibit G, the deposition of Kimbal Musk. For Kimbal Musk's deposition, in accordance with Court of Chancery

---

[42] *GKC Strategic Value Master Fund, LP v. Baker Hughes Inc.*, 2019 WL 2592574, at *2 (Del. Ch. June 25, 2019).

Rule 5(d)(3),[43] Defendants provided Plaintiff with a public redacted version of only the pages pertinent to Plaintiff's Motion to Compel.[44]

As was the case with the deposition transcript at issue in *In re Appraisal of Towers Watson & Co.*, "[t]he parts of the transcript that are relevant to anything the Court is considering are available publicly."[45] The general public's understanding of this case and its adjudication will not be inhibited if the balance of the Kimbal Musk deposition transcript remains under seal at this point in the litigation.[46] That information is properly preserved as confidential because the redacted information

---

[43] Ct. Ch. R. 5.1(d)(3) ("If depositions, interrogatories, requests for documents, requests for admission, answers or responses are to be used at trial or are necessary to a pretrial or post-trial motion, the verbatim portions thereof considered pertinent by the parties shall be filed with the Court when relied upon.").

[44] Motion ¶ 14 (pages 1–47, 70–173 and 176–230 of Kimbal Musk's deposition were properly omitted as not pertinent to the Motion under Court Rule 5(d)(3)). *See* D.I. 121 (confidential version of Kimbal Musk's deposition); D.I. 176 (redacted public version of Kimbal Musk's deposition). There is a phrase redacted from page 50, a response redacted from page 62, and a portion of a response redacted from page 66. D.I. 176. The redaction on page 50 does not redact Kimbal Musk's answer to the question he was asked; it redacts his understanding of the state of litigation. The redactions on pages 62 and 66 disclose personal information not relevant to the proceedings. Both redactions are proper.

[45] C.A. No. 12064-CB, at 40–41 (Del. Ch. July 6, 2017) (TRANSCRIPT).

[46] *See id.* ("Nothing from maintaining the rest of the transcript under seal at this point is going to inhibit anybody from understanding anything the Court is ruling on at this point.").

has not been used in this case and therefore has not been presented to or considered by the Court.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion is GRANTED, and, except for unsealing Plaintiff's Complaint, the Challenge is DENIED. Counsel shall confer and submit a proposed implementing order within the next ten (10) days.

Very truly yours,

*/s/ Joseph R. Slights III*